## Case No. 2,993.

COLGATE v. INTERNATIONAL OCEAN TEL. CO.

[17 Blatchf. 308;[1] 9 Reporter, 166; 4 Ban. & A. 609; 17 O. G. 194.]

Circuit Court, S. D. New York. Nov. 15, 1879.

ENJOINING INFRINGEMENT OF PATENT—SUBMARINE INSULATION—EXCLUSIVE RIGHTS OF DEFENDANT.

The defendant had, under an act of the legislature of Florida and an act of the congress of the United States, the exclusive right to lay and maintain a submarine telegraph cable between Florida and Cuba. In operating such cable it used an invention covered by letters patent owned by the plaintiff, granted after said acts were passed. Held, that, although the plaintiff could not use the invention for telegraphic purposes between Florida and Cuba, he could enjoin the defendant from using such invention for such purposes between such termini.

[Cited in Wirt v. Hicks, 46 Fed. 72.]

[In equity. Bill by Clinton G. Colgate against the International Ocean Telegraph Company to enjoin infringement of letters patent No. 65,019, granted to George B. Simpson, May 21, 1867, for an improvement in insulating submarine cables.]

Frederic H. Betts, for plaintiff.
Clarence A. Seward, for defendant.

BLATCHFORD, Circuit Judge. The motion for a preliminary injunction in this case is opposed, on special grounds not involving the construction or validity of the plaintiff's patent, or the question of infringement.

The defendant is a corporation created under the laws of the state of New York, prior to January 2d, 1866. On that day an act was passed by the legislature of the state of Florida, granting to said corporation "the sole and exclusive right and privilege," for 21

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

years from the date of the act, "of landing a submarine telegraphic cable or cables, on the shore, sea coast, islands, keys, reefs, or sand banks lying within the limits and jurisdiction of the state of Florida, and of connecting, by means of said submarine telegraphic cable or cables, the shore and sea coast of the state aforesaid with the island of Cuba." The same act gave to the corporation power to connect the terminus of such submarine cable or cables, on the shore, by a land line, with the most convenient land telegraphic line, and, for that purpose, power to erect, maintain and operate telegraphic lines through the state of Florida, and across the islands, keys, sand banks and reefs belonging to said state, and over which said state has control and jurisdiction.

On the 5th of May, 1866, an act was passed by the congress of the United States (14 Stat. 44) granting to said corporation the sole privilege, for a period of 14 years from that day, "to lay, construct, land, maintain and operate, telegraphic or magnetic lines or cables, in and over the waters, reefs, islands, shores and lands, over which the United States have jurisdiction, from the shores of the state of Florida, in the said United States, to the island of Cuba and the Bahamas, either or both, and other West India islands."

The corporation has, also, concessions from the government of Spain in regard to the maintenance, in Cuba, of a submarine cable landed there.

The bill alleges, that the defendant, "at the city of New York and elsewhere, has (particularly in the state of Florida, and the waters thereof, where said defendant uses and operates a telegraph cable extending to the island of Cuba, and also on the lines of telegraph connecting said cable with New York City and other points), within the said southern district of New York and elsewhere," without license, ever since the date of the plaintiff's patent, made, used and sold the patented invention in insulating submarine cables or telegraphic wires, used in connection with the telegraphic lines of the defendant, and in insulating wires and other conductors of electricity, used in connection with electric or galvanic batteries and telegraphic instruments.

The defendant has been using, for telegraphic communication between Florida and Cuba, cables containing wires insulated by gutta percha, within the claim of the plaintiff's patent, and is now using such cables. The defendant contends, that, because of the exclusive grants to it from the state of Florida and the congress of the United States, which were made before May 21st, 1867, the date of the issuing of the plaintiff's patent, the plaintiff has no right to use or operate his patented invention for telegraphic purposes between the shores of Florida and the island of Cuba, and, therefore, cannot enjoin the defendant from using such invention for such purposes between such termini. The

proposition on the part of the defendant is, that, by the grants to it of the exclusive right, for a defined period of time, to lay telegraphic submarine cables, and maintain thereby telegraphic communication, between the state of Florida and the island of Cuba, it acquired the right to use without molestation all subsequently patented inventions in the construction of such cables, because the patentees of such inventions cannot lay such cables. In another form, it is contended, that, as the plaintiff has no right to use his patented invention in the place where the defendant is using it, he can recover no profits or damages for its use in that place, and, therefore, has no right in that place which can be protected by injunction.

The grants to the defendant are grants to lay a cable, not to lay a cable of a particular construction, nor to lay any cable the use of which would violate a patent either existing or subsequently granted. Neither the government nor an agent of the government, nor a private individual, whether claiming to act under the authority of the government or otherwise, can use a patented improvement without the license of the patentee. U. S. v. Burns, 12 Wall. [79 U. S.] 246; Cammeyer v. Newton, 94 U. S. 225, 235. [See Campbell v. James, Case No. 2,361.][2] The power to prevent, by injunction, the violation of a right secured by a patent, is conferred by section 4921 of the Revised Statutes, irrespective of any right, in the given suit, to recover profits or damages. The right of the plaintiff to use his patented invention where the defendant is using it, is exclusive as against the defendant, although the right of the defendant to lay and maintain a submarine telegraphic cable between Florida and Cuba may be exclusive as against the plaintiff. Such right of the plaintiff is a right secured by the patent. The distinction referred to is one which exists in all cases, under every patent. A defendant has an exclusive right, as against a patentee, to erect in his own house such structures as he pleases. The patentee cannot, against the will of the defendant or without his assent, erect in the house of the defendant any structure. Yet this does not give to the defendant the right to erect in his house a structure embodying the patented invention, or give him immunity from being restrained by injunction, at the suit of the patentee, from continuing the use of the patented invention in such structure.

The same order will be made in this case which was made in the case against the Western Union Telegraph Company [Case No. 2,995].

[NOTE. For other cases involving this patent, see note to Colgate v. W. U. Tel. Co., Case No. 2,995.]

COLGATE (KIMBRO v.). See Case No. 7,778.

[2] [From 9 Reporter, 166.]