### BRUSH ELECTRIC CO. *v.* BALL ELECTRIC LIGHT CO.

(*Circuit Court, S. D. New York.* November 8, 1890.)

**BILL FOR INFRINGEMENT—DEMURRER FOR LACHES.**

In a bill for infringement of letters patent, alleged to have been issued in 1879, and assigned to the complainant in 1880, an averment of an infringement of the latter's rights "since the date of said patent" will be construed as meaning after or subsequent to the date of the patent, and not *ever since* that time, and the bill is not subject to demurrer for laches of complainant in asserting his rights.

On Demurrer.

*Henry A. Seymour,* for complainant.

*Philip J. O'Reilly,* for defendant.

COXE, J. This is an equity action for infringement of letters patent granted to Charles F. Brush, September 2, 1879, and now owned by the complainant. The action was commenced February 25, 1890. The usual relief is demanded. The bill alleges that the defendant has "since the date of said patent, since September 2, 1879, at New York, within said district," infringed upon the complainant's rights. The demurrer is aimed at the language quoted, the contention being that the defendant is there charged with a continuous infringement since the date of the patent, and that equity will not aid a complainant guilty of such laches in asserting his rights. That the language quoted is open to the construction contended for by the defendant is not denied, but it is equally true that it can be so construed as to sustain the bill, and that such a construction is the more natural one. "Since September 2, 1879," does not necessarily mean *ever since* September 2, 1879. It may mean after, or subsequently to, September 2, 1879. *Engraving Co.* v. *Hoke,* 30 Fed. Rep. 444; *Kittle* v. *De Graaf,* Id. 689. That the word "since" was used in the latter sense is evident from the fact that it is alleged elsewhere in the bill that the patent was not assigned to the complainant until September, 1880. It cannot be said, therefore, that the pleader intended

to aver that the defendant had infringed upon the complainant's rights continuously since September, 1879. The complainant had no rights under the patent until September, 1880. The demurrer is overruled. The defendant has 20 days in which to answer.