## WIRT *v.* HICKS *et al.*

(*Circuit Court, S. D. New York.* April 16, 1891.)

PATENTS FOR INVENTIONS—INJUNCTION—EQUITY PLEADING.

Where no preliminary injunction is asked for, a bill to enjoin the infringement of a patent need not show that the complainant is engaged in making or selling the articles described in his patent, that such patent has been a source of profit to him, or that the validity of the patent has been established by prior adjudication or by public acquiescence.

In Equity.
*Walter S. Logan,* for plaintiff.
*James A. Whitney,* for defendants.

SHIPMAN, J.  This is a demurrer to the complainant's bill in equity, to restrain the infringement of two letters patent for improvements in fountain pens.  The complainant owns one of the patents as assignee, and the other as patentee.  The bill alleges the originality and the novelty of the inventions, the grants of letters patent therefor, the sole ownership of the said letters by the complainant, and the infringements thereof by the defendants, by which they have made large profits.  It further alleges that they are threatening future infringements, which will be to the complainant's injury; that by the acts of the defendants he is being and has been deprived of profits which he otherwise would have obtained; that they have been notified of the complainant's rights in the premises, and have been requested to desist from infringing thereon, but have refused to comply with said request.  The bill asks for an injunction "provisionally and perpetually" against infringement, and also prays for an accounting of profits and damages.

The principal grounds of demurrer are that it does not appear from the bill that the complainant is or has been engaged in the manufacture, sale, or use of the patented inventions, or that they have been a source of profit to him, and that the bill has no allegation which if true would show any substantial injury to the complainant from the acts of the defendants.  The bill could not be relied upon as a foundation for a motion for preliminary injunction.  It does not state a prior adjudication upon the validity of the patent, or acquiescence by the public in its use and enjoyment by the owners thereof, or any use by the complainant of his patented rights.  *Isaacs* v. *Cooper,* 4 Wash. C. C. 259; *Sullivan* v. *Redfield,* 1 Paine, 452; *Parker* v. *Brant,* 1 Fish. Pat. Cas. 58; *Gutta Percha, etc., Co.* v. *Goodyear, etc., Co.,* 3 Sawy. 542; Walk. Pat. § 660; 3 Rob. Pat. § 1206.  But the allegations are sufficient in a bill for an injunction to be issued at the conclusion of the suit, when the validity of the patent has been established by the proofs in the case.  It is not necessary to aver or to show the extent of the complainant's damages, and the bill has alleged, as it properly should allege, if an accounting is prayed for, that the defendants have made profits.  Walk. Pat. § 579.  The mere power of the court, under the statute, to issue an injunction to prevent a

defendant from infringing upon a right secured by letters patent, does not depend upon the magnitude of the injury which the plaintiff has suffered. *Colgate* v. *Telegraph Co.*, 17 Blatchf. 308. In the exercise of the power, the equities of the respective parties, and the amount of the injury to be remedied or inflicted, are weighed by the court.

The demurrer is overruled, with costs, and the defendants will answer over in 30 days.