### ALLINGTON & CURTIS MANUF'G CO. v. BOOTH.

(Circuit Court, D. Vermont. March 4, 1896.)

1. PATENTS—PRELIMINARY INJUNCTION AGAINST USER.
    The prosecution of a suit against the manufacturer to an opportunity of appeal by the defendant, which is declined, is sufficient diligence to warrant the granting of a preliminary injunction in a suit against a user, especially where the patent has been sustained in other suits on final hearing.

**2. SAME.**
    The fact that defendant is only a user is not sufficient to defeat a motion for a preliminary injunction, for infringement by a user may be as irreparable as any. Birdsell v. Shaliol, 5 Sup. Ct. 244, 112 U. S. 485, followed.

This was a suit in equity by the Allington & Curtis Manufacturing Company against J. R. Booth for alleged infringement of a patent. Plaintiff has moved for a preliminary injunction.

Albert H. Walker and C. K. Offield, for plaintiff.
Geo. B. Parkinson, for defendant.

WHEELER, District Judge. This cause has been heard on a motion for a preliminary injunction against infringement of several patents for improvements in dust collectors. They have been sustained on final hearing in the circuit court for the Northern district of Illinois by Judge Grosscup (Knickerbocker Co. v. Rogers, 61 Fed. 297), and in the circuit court for the district of Connecticut by Judge Townsend (Manufacturing Co. v. Lynch, 71 Fed. 409); and no appeal has been taken, as there might have been.

The principal objections to the motion are that the defendant is a user, and a suit against the manufacturer is not diligently prosecuted, and that the plaintiffs are not in danger of irreparable injury. The prosecution of a suit to an opportunity of appeal by the defendant, which is declined, seems to be sufficient diligence towards those defending that suit, as here; and infringement by a user may be as irreparable as any. Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244. The defendant should be as diligent in taking an appeal as the plaintiff should be in prosecution, to have an injunction stayed for ultimate decision; and compensation in damages may fall far short of equaling preventative relief.

The plaintiff has offered to replace the collectors used by the defendant for $1,600, deposited in court to abide the event of the suit, or to license the use of them for $1,200. In view of these offers, the deposit of $1,200 as a license fee, to abide such event, would seem equitable in place of an injunction. Unless $1,200 is deposited in court within 10 days, to abide the event of the suit, as a license fee, let an injunction then issue, as prayed.