BEMIS CAR-BOX CO. v. BOSTON & R. ELECTRIC ST. RY. CO.

(Circuit Court, D. Massachusetts.    June 23, 1896.)

No. 114.

1. PATENTS—INFRINGEMENT—CAR AXLE BOX.

The Bemis patent, No. 239,702, for a car axle box, was not anticipated, and is infringed by a device made in substantial accordance with the Brill patent, No. 418,439, for a dust shield for car axle boxes, which simply adds to the device of the patent an "abutment," thus changing its form, but leaving it still adapted to perform the office of the straight incline shown in the Bemis patent.

2. SAME.

The Bemis patent, No. 330,372, for a car wheel and axle box, in which the invention consists substantially in having the annular flange of the wheel detachably secured to the wheel, instead of cast integral with it, *held* not infringed by a wheel in which, though it was possible to remove the flange and substitute another, the change would amount substantially to a reconstruction.

John L. S. Roberts, for complainant.
Francis Rawle, for defendant.

CARPENTER, District Judge.    This is a bill in equity to enjoin an alleged infringement of the first claim of letters patent No. 239,-702, issued April 5, 1881, to Sumner A. Bemis, for car axle box, and the single claim of letters patent No. 330,372, issued November 17, 1885, to said Bemis, for car wheel and axle box.    The claims are as follows:

(1) The combination, in a car axle box, of the car wheel provided with a flange projecting out from the side of the wheel and around the axle, a tapered sleeve on the box or its housing projecting into the said flange on the wheel and surrounding the axle, and a washer placed upon said tapered sleeve on the box and there confined by contact with the end of the flange on the wheel, substantially as described. The combination, with external axle box, A, having a recess at its rear end containing an elastic packing-ring, of the axle, the flat-faced car wheel on said axle, and a tubular piece, c, detachably secured to the flat face of the car wheel and extending against the elastic ring, substantially as described.

I find on the evidence that the device used by the respondent is, for the purposes of this case, substantially that shown in the drawings of the letters patent No. 418,439, issued December 31, 1889, to John A. Brill, for dust shield for car axle boxes.

I do not find that the devices of the patent are anticipated. On the question of infringement the respondent refers to the opinion of its expert, who states the question at issue in the following terms:

"In the defendant's structure there is a car wheel, but there is no flange or projection cast thereon and projecting out therefrom. * * * Neither has the defendant's box a tapered sleeve on the box or housing projecting into the said flange of the wheel and surrounding the axle, in the same sense or for the same purpose as this tapered sleeve is shown and described in the Bemis patent. In the defendant's structure, as shown by both exhibits, the washer rests against an abutment formed in the box, and its inner diameter is larger than the portion of the projecting flange of the box, which is at the extreme end rounding, as shown in the model. There can be no crowding up of the washer upon this sleeve, but the washer, when placed in position, is at once received and held by the abutment in its final position, the washer not having the capacity of being pushed further and further up and upon a tapering sleeve. Therefore, I do not think that the defendant's box contains the tapered sleeve which forms the third element of the combination of the first claim of the 1881 patent. The idea, as I understand it, of the patent was to make a tapered sleeve of such a character that if the interior opening in a washer became larger through wear, it could still be tightly held by being forced up, or, as the patent states it, crowded further upon the tapered sleeve. No such capacity exists in the defendant's box, for the washers, as shown by the iron structure and by the complainant's model, have an interior diameter of such a size, when new, that they are received directly against the abutment in the box and there rest; and no capacity exists in the defendant's structure for securing these washers by crowding them up or along a tapered sleeve or the like."

I have not been able to see that the differences in structure here recited make any difference in the function of the mechanism. The "abutment" is simply added to the device of the patent, and results only in changing its form, and leaves it still adapted, although perhaps not so well adapted, to perform the office of the straight incline shown in the patent. The respondent will therefore be held to infringe the first patent.

As to the second patent, the complainant thus states the scope of the invention as shown by the patented structure:

The only difference between this construction and that shown in the 1881 patent lies in the fact that the annular flange in the 1881 patent is cast integral with the wheel, while in the 1885 patent it is detachably secured to the wheel, and by means of the invention the expense of buying new car wheels to be used with the axle boxes of the description contained in the patents would be obviated, and it would only be necessary to attach new flanges to the wheel at a trifling expense. This appears to be the novel and useful thing shown and described in the patent.

I do not find that the device of the respondent is "detachably secured" in the sense of the patent. It is, indeed, possible to remove it, and to substitute another, but such change would amount to a reconstruction of the mechanism, and is not, in my opinion, a proper function of the device used by the respondent.

There will be a decree for the complainant under the first patent, and, as to the second patent that the respondent does not infringe.