## ALLINGTON & CURTIS MANUF'G CO. et al. v. BOOTH.

(Circuit Court of Appeals, Second Circuit. February 23, 1897.)

1. PATENT INFRINGEMENT SUITS—PRELIMINARY INJUNCTIONS—WHEN GRANTED.

That defendant is merely a user of a patented machine, or that complainants grant no licenses, but manufacture and sell the machines themselves, is no ground for refusing a preliminary injunction against a willful infringer, where the validity of the patent has been previously adjudicated. Under such circumstances, it does not lie with the infringer to say that the patent owner will be fully compensated by a money recovery.

2. SAME.

Whenever it is manifest that, on the case made, an injunction will be granted at final hearing, one should be granted preliminarily, in the absence of facts presenting special equities to induce the court, in the exercise of its discretion, to withhold it.

Appeal from the Circuit Court of the United States for the District of Vermont.

This was a suit in equity by the Allington & Curtis Manufacturing Company and the Knickerbocker Company against J. R. Booth for alleged infringement of certain patents for improvements in dust collectors. The circuit court granted a preliminary injunction (72 Fed. 772), and the defendant has appealed.

George B. Parkinson, for appellant.

Albert H. Walker and Charles K. Offield, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal from an order restraining the defendant pendente lite from infringing the patents upon which the suit is founded. The patents are for improvements in dust-collecting machines, and their validity had been adjudicated nearly two years prior to the commencement of the present suit. Knickerbocker Co. v. Rogers, 61 Fed. 297. The complainants do not grant licenses, but manufacture and sell the machines. The defendant was a conspicuous infringer, though only a user of the patented machine. Before the present suit was brought, he had been notified of the complainants' rights, but had refused to recognize them, and invited complainants to bring suit against him upon the patents. He had bought his machine from a mercantile firm of Hartford, Conn., which firm had bought it and others from an Ohio corporation engaged in manufacturing the machines. Suits for infringement of the patents had been brought by the complainants, and were pending against the Ohio corporation and the Hartford firm, when the present suit was commenced. No question was raised by the defendant as to the title of the complainants to the patents in suit, or as to the validity or the infringement of the patents. He insisted, and now insists, that the complainants were not entitled to an injunction because they would not suffer irreparable injury if it were denied, but would be completely recompensed by a recovery of damages and profits.

. The rules which control applications for preliminary injunctions in patent causes are so well settled and familiar that it would seem to be quite useless to recapitulate them, much less to cite from text writers or judicial utterances in exposition of them. We are aware of none which disentitle a complainant to the remedy of a preliminary injunction against the infringement of his patent by a defendant who is a user of the infringing article when the facts are such that he would be entitled to it if the defendant were a manufacturer or a seller. Whenever it is manifest to the court that, upon the case made, an injunction will be granted at final hearing to the complainant, one should be awarded to him preliminarily, in the absence of facts presenting special equitable considerations to induce the court, in the exercise of judicial discretion, to withhold it. Under such circumstances there is no reason why the complainant should not have his remedy immediately. Why should a court of equity permit a wrong, indisputable and wanton, to go unredressed longer than necessary? The object of a preliminary injunction is to preserve property rights pending the final determination of the suit.

The principle upon which all injunctions are granted in patent causes, preliminary and final, is that an action at law does not give a complete remedy to the complainant whose property is invaded. The infringement of a patent is a constantly recurring grievance, which cannot be adequately prevented but by an injunction. "It is quite plain that, if no other remedy could be given in cases of patents and copyrights than an action at law for damages, the inventor or author might be ruined by the necessity of perpetual litigation without ever being able to have a final establishment of his rights." Story,

Eq. Jur. § 931. A decree for damages and profits in an equity cause would fall short of adequate redress to the patentee. He is entitled to an injunction as well as to an accounting of damages and profits. Indeed, the accounting is but incidental to the relief by injunction, and it is the right to this relief which alone gives a court of equity jurisdiction. "A recovery does not vest the infringer with the right to continue the use, as the consequence of it may be an injunction restraining the defendant from the further use of it." Suffolk Co. v. Hayden, 3 Wall. 315, 320. In Penn v. Bibby, L. R. 3 Eq. 308, a suit upon a patent against a defendant who was merely a user, the vice chancellor, in awarding an injunction and an account, said: "I cannot in the decree do less than give the plaintiff his full right, and I cannot bargain for him what he may choose or may not choose to do." It does not lie with the infringer to say that the owner of the patent will be fully compensated by a money recovery, and ought to be satisfied thereby. It is for the latter to say whether he prefers an injunction, or a money recovery, or both; and, at his option, he is at liberty, at final hearing, to waive an account, and insist upon his injunction.

We conclude that there was nothing in the circumstance that the defendant was merely a user of the patented invention, or that the complainants derived their profit exclusively from the manufacture and sale of the patented machines, to warrant the court in refusing the injunction. We are also of the opinion that the facts in the case do not disclose any equities upon the part of the defendant, or any oppressive conduct by the complainants, which should have induced the court below to withhold the injunction.

The order is affirmed, with costs.