### ALLINGTON & CURTIS MFG. CO. et al. v. GLOR et al.

(Circuit Court, N. D. New York. December 13, 1897.)

No. 6,129.

1. PATENTS—TWO PATENTS TO SAME INVENTOR—ANTICIPATION.
 The granting of a patent for minor improvements and limited combinations pending an earlier application for the broad invention will not invalidate a patent subsequently granted for the latter, though the former necessarily described the broad invention. Thomson-Houston Electric Co. v. Elmira & H. Ry. Co., 69 Fed. 257, followed.

2. SAME—DUST COLLECTORS.
 The Morse patents, Nos. 403,362 and 403,363, the Holt patent, No. 409,465, and the Kutsche patent, No. 407,598, all for improvements in dust collectors, held valid and infringed as to certain claims.

This was a suit in equity by the Allington & Curtis Manufacturing Company and others against Peter Glor and others for alleged infringement of four patents for improvements in dust collectors.

Albert H. Walker, Charles K. Offield, and Offield, Towle & Linthicum, for complainants.

COXE, District Judge (orally). This action is based upon four letters patent for improvements in dust collectors. They are No.

403,362, granted May 14, 1889; No. 403,363, granted May 14, 1889; No. 409,465, granted August 20, 1889, and No. 407,598, granted July 23, 1889. The title to all of these patents is proved, by satisfactory evidence, to be vested in the complainants. The first three have been the subject of adjudication in the Northern district of Illinois, in the district of Connecticut and in the district of Vermont. All of the claims now involved were there passed upon and upheld. The case in the district of Vermont arose upon a motion for a preliminary injunction. The motion being granted, an appeal was taken to the circuit court of appeals for this circuit, and the decision of the circuit court was affirmed. These decisions will be found reported in 61 Fed. 297 (Knickerbocker Co. v. Rogers), in 71 Fed. 409 (Manufacturing Co. v. Lynch), in 72 Fed. 772 (Manufacturing Co. v. Booth), and in 24 C. C. A. 378, 78 Fed. 878 (Id.).

In the circumstances the court feels constrained to follow these decisions, but, as the issues have been explained upon this argument, the court would have reached similar conclusions were the questions now presented for the first time. The only patent not the subject of prior adjudication is the last above referred to, No. 407,-598, granted to Oswald Kutsche. This patent upon its face is limited to an improvement upon the prior patented dust collectors and introduces, as such improvement, a downwardly inclined tangential inlet, which gives the dust laden air a spiral motion the moment it enters the chamber, thereby preventing the air currents from conflicting with each other in the interior. Nothing appears in the record which anticipates, or materially limits the effect of this improvement, and no reason is discovered why the patent should not be sustained.

Upon the question of infringement substantially all of the defenses have been passed upon in the adjudications heretofore mentioned. The only new question is based upon the theory that infringement is avoided because the upper or cylindrical part of the defendants' dust collector is considerably longer than the corresponding part, as shown in the drawings of the patent No. 409,465. This difference is in my judgment wholly immaterial.

It is also alleged by the defendants that the first patent referred to, viz. the patent to Morse, No. 403,362, is invalid, under the decision of the supreme court in the case of Miller v. Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310, for the reason that the invention there described and claimed was disclosed in a prior patent to the same inventor, No. 370,021, in which the combinations of the claims in suit were disclosed as elements of a more limited combination. The patent in suit was applied for March 31, 1886. The patent relied on to defeat the patent in suit was applied for three months thereafter. The granting of the patent in suit was delayed by interference proceedings in the patent office. In the meantime patent No. 370,021 was issued. This, then, is a case where a patentee in order to secure minor improvements and limited combinations is compelled to describe his broad invention. Substantially the same situation was presented in the case of Thomson-Houston Electric Co. v. Elmira & H. Ry. Co., 69 Fed. 257. The court was and is of the opinion that

the doctrine of Miller v. Manufacturing Co. was not intended to defeat, and does not defeat, a patent issued in such circumstances.

Although this hearing has been ex parte, in the sense that only one counsel has been heard, the argument has proceeded upon a printed record containing the pleadings and proofs of both parties. The principal defenses have been fairly stated by the complainants' counsel. The complainants are entitled to a decree for an injunction and an accounting upon claims 1, 2 and 3, of the Morse patent, No. 403,-362, of May 14, 1889; claims 1 and 2 of the Morse patent, No. 403,-363, of May 14, 1889; claim 4 of the Holt patent, No. 409,465, of August 20, 1889; and claims 1 and 2 of the Kutsche patent, No. 407,-598, of July 23, 1889.