WESTINGHOUSE AIR-BRAKE CO. v. GREAT NORTHERN RY. CO. et al.

(Circuit Court, S. D. New York. March 29, 1898.)

1. PATENTS—PRELIMINARY INJUNCTION AGAINST USER.
    When a patent has been repeatedly sustained by adjudications of the circuit court affirmed in the circuit court of appeals, a preliminary injunction will issue, even against a mere user, when he has been notified that he is buying an infringing article, and when there are no new defenses, and no special equities in his favor.

2. SAME—PUBLIC INCONVENIENCE.
    Public inconvenience is no ground for entirely denying an injunction, but the court will so frame the decree as to accomplish the result intended with the least practicable disturbance to the business of defendant, so far as the public is concerned therein.

This was a suit in equity by the Westinghouse Air-Brake Company against the Great Northern Railway Company and others for an infringement of a patent for air brakes. The cause was heard on a motion for preliminary injunction.

Simon Sterne, for the motion.
Frederick H. Betts, opposed.

LACOMBE, Circuit Judge. This is a motion for injunction based on the Westinghouse patent, No. 376,837, against certain air brakes now in use by defendant railway, and which were bought from the New York Air-Brake Company. The owners of the patent have finally established their rights, after a long and arduous litigation against the manufacturers of the infringing brakes (59 Fed. 581, 11 C. C. A. 528; 63 Fed. 962; 65 Fed. 99; 16 C. C. A. 371, 69 Fed. 715; 77 Fed. 616), and are now seeking to enjoin the users of such

brakes from continued infringement of their rights.    The affidavits show that defendant railway company bought with notice that the brakes infringed complainant's patent.    The affidavits of the plaintiff distinctly assert that notice was given as far back as 1891, 1892, and 1893, and there is no substantial denial,—the most that is said by the single affiant produced by defendant, its superintendent of motive power, being that "he does not now remember any particular interview"; that whatever statements were made to him he regarded merely "as statements intended to prevent the purchase of competing articles" (which they undoubtedly were); and that "charges of infringement    *    *    * are not regarded with any more particular seriousness than any other charges that may be made by rivals in business against each other."

It is well settled in this circuit that a preliminary injunction may, in a proper case, issue against the user, and that when a patent has been repeatedly sustained by adjudications in the circuit, affirmed in the court of appeals, such injunction will issue (especially when the user was notified that he was buying an infringing article), when there are no new defenses, and no special equities in favor of defendant.    Manufacturing Co. v. Booth, 24 C. C. A. 378, 78 Fed. 878.    A patentee who has established the validity of his patent against the manufacturer will not be compelled to litigate the same questions over again against scores or hundreds of users, or denied the only relief which can secure him the fruits of his invention during its lifetime, merely because the injunction prayed for is in form one pendente lite, although quoad the infringing device which was made by the manufacturer, defendant in the former suit, it is in fact an injunction after final hearing.    The only new evidence which it is contended bears upon the validity of the patent is the British patent 4,676 of 1887; but it discloses nothing calculated to modify the former decisions of this court and of the circuit court of appeals, although it indicates that the patentee and the court were apparently not in entire accord as to what constitutes invention.

The question of jurisdiction is settled for this case in this court by the decision of Judge Coxe upon the plea.

The objection of personal and public inconvenience is one which has been repeatedly considered and disposed of in this court (National Meter Co. v. City of Poughkeepsie, 75 Fed. 403), which always endeavors to arrange the terms of its orders or decrees so as to accomplish the result intended with the least disturbance to the business of a defendant, when that business is one which concerns the public.    In a like proceeding against the Buffalo, Rochester & Pittsburgh Railway Company, another user of the New York Company's infringing brakes, an order was prepared by Judge Coxe providing for a gradual change.    Inasmuch as defendants were able to withdraw their cars temporarily from the public service in order to put the infringing devices on them, it would seem quite practicable for them to be again temporarily withdrawn in order to take these devices off.    The total number of defendant's cars

(16,000), and also the number equipped with infringing devices (3,200), greatly exceed those in the other case, and require a modification of the terms of the former order. Complainant may take an order in the same general form as that issued in the Buffalo, Rochester & Pittsburgh Case, but requiring removal of 500 within 60 days from date of entry of order, and 500 each 30 days thereafter (changes in excess of the allowance for each period to be credited to the next one), until 2,500 shall have been thus removed, and thereafter 250 each 30 days until all are removed. Order to be settled on notice.