## WYCKOFF et al. v. WAGNER TYPEWRITER CO.

(Circuit Court, S. D. New York. July 9, 1898.)

**1. PATENT SUITS—PLEADING.**

An averment that complainant has reason to believe that, unless defendant is enjoined, he "will continue to make and to use and to sell large numbers of the aforesaid typewriting machines, and thereby will cause great and irreparable loss, damage, and injury to your orator's aforesaid exclusive rights," is a sufficient averment of irreparable injury to maintain a bill for injunction.

**2. SAME—ALLEGATION OF TIME OF INFRINGEMENT.**

An averment of infringement "after the issuing of the letters patent as aforesaid, and after the 2d day of July, 1892, and before the commencement of this suit" (December, 1897), does not import that defendant has continuously, and ever since the date named, infringed the patent, and hence does not make the bill demurrable for laches.

**3. SAME—EQUITY JURISDICTION.**

A bill in equity for injunction and accounting may be maintained without averring that complainant has ever put, or allowed others to put, the invention in use, or that the validity of the patent has been acquiesced in, or established by an action at law.

**4. SAME—AVERMENT OF INFRINGEMENT.**

An averment that "said defendant * * * did, as your orator is informed and believes, without the license," etc., "* * * in infringement of the aforesaid letters patent. * * * make * * * and vend the said invention and patentable improvements," is defective, in that it lacks any positive charge that defendant does infringe. The correct form is, "that plaintiff has been informed and believes, and therefore avers," etc.

This was a suit in equity by Wyckoff, Seamans & Benedict against the Wagner Typewriter Company to restrain the alleged infringement of letters patent No. 466,947, issued to Horace K. Lamb January 12, 1892, for a typewriting machine. The cause was heard on demurrer to the bill for want of equity.

H. D. Donnelly, for complainants.
Arthur v. Briesen, for defendant.

LACOMBE, Circuit Judge. The ground of demurrer assigned is "that it appears upon the face of the said bill that the complainant is not entitled to any relief against this defendant in a court of equity." The various propositions upon which it is sought to maintain this demurrer may be separately considered:

1. It is contended that there is not any sufficient averment of irreparable injury. The language of the bill is that:

"Your orator fears, and has reason to fear and believe, that, unless the said defendant is restrained by a writ of injunction, * * * it will continue to make and to use and to sell large numbers of the aforesaid typewriting machines [i. e. Underwood typewriters, already averred in the bill to be infringing machines], and thereby will cause great and irreparable loss, damage, and injury to your orator's aforesaid exclusive rights."

This averment is in the usual form, and no authorities are cited holding it to be insufficient. The cases upon the brief are not patent causes, and go only to the extent of supporting the elementary proposition that a mere allegation that "complainant will suffer irreparable injury" is insufficient, without facts to sup-

port it. Here, however, the facts are alleged, viz. that defendant, if not enjoined, will continue to infringe the patent, leaving plaintiff to the unsatisfactory remedy of repeated actions for damages. This would seem to be a sufficient averment of fact to warrant the prayer for relief. Manufacturing Co. v. Booth, 24 C. C. A. 378, 78 Fed. 878.

2. The bill avers infringement "after the issuing of the letters patent as aforesaid, and after the 2d day of July, 1892, and before the commencement of this suit." Defendant contends that this sentence should be construed as charging infringement on and after July 2, 1892; and, since the suit was not begun until December, 1897, it further contends that the unexplained delay of five years should be sufficient to warrant dismissal of the bill on the ground of complainant's laches. That the phraseology of the averment above quoted does not import that defendant has continuously, and ever since the date named therein, infringed the patent, was expressly held in this circuit in Brush Electric Co. v. Ball Electric Co., 43 Fed. 899, where precisely similar language was used in the bill. The objection must therefore be held unsound.

3. The contention mainly relied on by defendant is that the bill does not allege that complainant has ever put, or allowed others to put, the invention into use, by any manufacture, sale, or use thereof, nor that the rights of the owner of the patent have been acquiesced in, or its validity determined in an action at law. In support of the proposition that a patentee who does not manufacture, sell, or license under his patent is not entitled to injunction, defendant cites the case of Hoe v. Knap, 27 Fed. 204, in the Seventh circuit, and a dictum of one of the judges concurring in the decision of the circuit court of appeals in the First circuit in New York Paper-Bag Mach. & Mfg. Co. v. Hollingsworth & Whitney Co., 5 U. S. App. 327, 5 C. C. A. 490, and 56 Fed. 224. In Germain v. Wilgus, 29 U. S. App. 564, 14 C. C. A. 561, and 67 Fed. 597, the court of appeals, in the Ninth circuit, held that there was no equity in a bill for injunction and accounting in a patent suit which contained "no allegations showing that this patent right had been long recognized by the public; no allegations showing that its validity had ever been determined in an action at law." The rule thus laid down would seem to introduce a most cumbersome, dilatory, and unsatisfactory practice. In cases where infringements commenced as soon as the patent was published to the world, it would be impossible for the patentee to show long-continued acquiescence by the public, and he could obtain no relief against infringements until after he had secured a verdict from a jury sustaining the validity of his patent. However valuable may be the conclusions of a jury in ordinary causes, it certainly seems to be the universal opinion of the bar in this circuit, as it undoubtedly is of this court, that such a method of determining the issues of fact in patent causes is most unsatisfactory. During the 11 years the writer has sat on the circuit bench, there has not been in this court a single jury trial in a patent cause. When one remembers the careful study of intricate machinery, the manip-

ulation of models, the reading and re-reading of technical evidence, the elaborate comparison of documents couched in language which certainly is not that of common speech, the close, hard thinking, sometimes prolonged for weeks, which, in the case of a complicated patent, has to be gone through with, before a judge, however long his experience with such causes, is able to reach a conclusion on the issues of fact, which, even if erroneous, presents at least the appearance of a logical train of reasoning in its support, it seems safe to say, a priori, that the decision of such questions by an ordinary jury, imprisoned for a few hours, with nought but their vague recollections of the evidence, would be a lottery. Their verdict might sometimes be correct, but it would rarely be intelligent. For these reasons this court is averse to rendering a decision which would introduce such a practice into this circuit, until constrained so to do by controlling authority. The points raised by the defendant were decided adversely to their proponent in this circuit in Wirt v. Hicks, 46 Fed. 71, and that decision will be followed here. See, also, Campbell Printing-Press & Mfg. Co. v. Manhattan Ry. Co., 49 Fed. 930, and Mill Co. v. Coombs, 39 Fed. 803.

4. As to infringement, the averment of the bill is:

"Said defendant * * * did, as your orator is informed and believes, without the license," etc., "* * * in infringement of the aforesaid letters patent, * * * make * * * and vend the said invention and patented improvements."

It is suggested that there is lacking here any positive charge that defendant does infringe. The bill is open to this criticism. The correct form of averment is that set forth in Story, Eq. Pl. (8th Ed.) p. 249, viz. "that plaintiff has been informed and believes, and therefore avers." The objection is rather hypercritical, but appears to be sound. The demurrer is therefore sustained, with leave to complainant to amend, but without costs.