### FICHTEL et al. v. BARTHEL et al.

(Circuit Court, S. D. New York. October 26, 1909.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.
   A bill for infringement of a patent need not allege that the invention had not been abandoned before the granting of the patent.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–513; Dec. Dig. § 310.*]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING—PROFERT OF PATENT.
   An insufficient averment of the formal requisites of a patent in a bill for its infringement is cured by profert of the patent, which makes it a part of the bill for purposes of a demurrer.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 515; Dec. Dig. § 310.*]

3. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.
   A bill for infringement of a patent is not bad because it alleges on information and belief only matters which are not required to be alleged at all.
   [Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

4. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.
   An allegation of infringement in a bill for infringement of a patent *held* sufficient.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 511; Dec. Dig. § 310.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. PATENTS (§§ 289, 310*)—SUIT FOR INFRINGEMENT—DEFENSES—LACHES.**

In a suit for infringement of a patent, laches is a defense, and cannot be raised by demurrer, unless it affirmatively appears on the face of the bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 468; Dec. Dig. §§ 289, 310.*

Laches as defense in suit for infringement, see notes to Taylor v. Sawyer, Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

**6. COURTS (§ 347*)—PLEADING—FORMAL REQUISITES OF BILL.**

A bill in equity in a federal court is not demurrable because not signed or verified by complainant, neither being required by the rules.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 347.*]

**7. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.**

A bill for infringement of a patent against two or more defendants, who are charged with infringement severally, is multifarious.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.*]

In Equity. Suit by Karl Fichtel and Ernst Sachs, partners as Fichtel & Sachs, against Christiana Barthel and Edward F. Daly, partners as Barthel & Daly, and Albert F. Miller. Demurrer to bill sustained.

John H. Hazleton, for complainants.
Kenyon & Kenyon, for defendants.

WARD, Circuit Judge. The defendants demur to a bill for infringement of letters patent, first, because the bill fails to aver that the invention had not been abandoned before letters granted. The bill must aver everything that is made a condition precedent, in section 4886, U. S. Rev. St. (U. S. Comp. St. 1901, p. 3382), to the right to letters. It provides, inter alia, that an inventor may obtain a patent for his invention, if it has not been "in public use or on sale in this country for more than two years prior to his application unless the same is proved to have been abandoned." Abandonment is a defense, and I do not think it lies upon the inventor to prove in the first instance that he has not abandoned his invention.

The next objection is that the bill is defective on its face because it merely states that the patent was "signed and countersigned by the proper officers of the Department of the Interior and the Patent Office, respectively." If this were all, the objection would be good; but the complainants have made profert of the patent in their bill. This makes it a part of the bill, and subject to a demurrer (International Co. v. Maurer [C. C.] 44 Fed. 618; Fowler v. City of New York, 121 Fed. 747, 58 C. C. A. 113), and an examination shows that it was signed as required by law.

The next objection is that the complainants allege on advice and belief matters that must be within their personal knowledge. I think the complaint can be read without connecting the expression "they are advised and believe" with the other statements in article 6, of some of which they must have personal knowledge; e. g., general acquies-

cence in their rights. But this is not a necessary averment, and the entire omission of it would not prevent their right to a final injunction or to an accounting. Wirt v. Hicks (C. C.) 46 Fed. 71. The same remark is true as to the statement that the defendants are making profits.

It is next suggested that there is no averment that the defendants threaten to continue their infringement, and that the demurrer should be sustained under Judge Lacombe's decision in Wyckoff v. Wagner Typewriter Co. (C. C.) 88 Fed. 515. In that case the bill simply stated:

"Said defendant did, as your orator is informed and believes, without a license, etc., in infringement of the aforesaid letters patent, make and vend the said invention."

In this case, however, the bill states:

"And your orators further show unto your honors upon information and belief that the said defendants," etc.

I regard this as equivalent to a statement that they aver on information and belief.

The defendants next object that, the bill alleging infringement since the date of the patent, April 18, 1895, and prior to the filing of the complaint, May 4, 1909, a period of 14 years, there is nothing to show either that the infringement was not continuous, or that it did not all occur more than 6 years before the filing of the bill. It is argued that on the former hypothesis the complainants are not entitled to an injunction because of laches, and on the latter that they are not entitled to an accounting. Laches is a matter of defense, and a bill is not demurrable unless it clearly shows, which it does not, that the complainants have been guilty of laches. The statute of limitations must be pleaded.

The bill is also objected to because it does not appear on its face that it was subscribed to by the complainants, or either of them, and because the notary has not stated that the affirmant had conscientious scruples against taking an oath. I have never seen an affirmation in which the notary did make such a statement. At all events, these objections are frivolous, because the equity rules do not require a bill to be signed or to be verified by the parties (rule 24; 16 Cyc. 366); the only consequence of not verifying the bill being that it cannot be used as an affidavit, e. g., on a motion for a preliminary injunction (Black v. Henry G. Allen Co. [C. C.] 42 Fed. 618, 623, 9 L. R. A. 433).

Among so many frivolous and technical objections I find one that seems to me substantial, namely, that the complainants, by charging the defendants as joint and several infringers, have combined distinct and independent causes of action which do not affect all the defendants. In other words, they cannot prove in the same case that the defendants Barthel and Daly, who are copartners, and Albert F. Miller, the other defendant, have been guilty of separate and independent acts of infringement.

For this reason the demurrer is sustained, with costs, but with leave to the complainants to amend within 10 days, or in default thereof the bill will be dismissed.