McCRARY *v.* THE PENNSYLVANIA CANAL CO.*

(*Circuit Court, E. D. Pennsylvania.* October 28, 1880.)

1. PATENT—RE-ISSUE—IMMATERIAL VARIATION FROM DEVICES IN ORIGINAL PATENT.—An immaterial difference between a re-issue and the original patent, which does not affect the mode of operation, the manner of construction, or the function performed, will not invalidate the re-issue.

2. SAME—REFUSAL OF INJUNCTION WHERE GREAT INJURY WOULD RESULT TO DEFENDANT.—Where the allowance of an injunction would cause much greater injury to respondent than benefit to complainant, the decree will be only for an account.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

This was a bill in equity complaining of the infringement of re-issued letters patent No. 5,630, for an improvement in coupling and steering canal-boats. The respondent denied the novelty of the invention, and alleged also that the re-issue was for a different invention from that described in the original invention. The case was heard on bill, answer, and proofs.

*J. J. Combs*, for complainant.

*Henry Baldwin, Jr.*, for respondent.

PER CURIAM. The bill here is founded upon a re-issued patent to the complainant for "improvement in coupling and steering canal-boats."

This re-issue is alleged to be invalid, as being for a different invention from that described in the original patent. The difference between the two patents consists in a slight change in the points of attachment of the coupling and centering chain, D, to the stem of the forward boat, which appears only in the drawing attached to the re-issue. It is altogether immaterial, inasmuch as the mode of operation, the manner of construction, or the function performed are not in anywise affected.

The remaining defences do not require a detailed discussion. It must suffice to say that they are not sustained.

The allegation of infringement is supported by satisfactory evidence, which the respondent's proofs have not overthrown, and none of the prior patents exhibited cover the complainant's invention.

There must, therefore, be a decree for the complainant; but, inasmuch as the allowance of an injunction would cause much greater injury to the respondent than benefit to the complainant, the decree will be only for an account.