## Hoe and others v. Boston Daily Advertiser Corp'n and others.

*(Circuit Court, D. Massachusetts.　February 8, 1883.)*

PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION—WHEN DENIED.

> Where the contest is in fact between rival manufacturers, and the improvement in question is part of a large machine in daily use to print newspapers of the defendants, and a change of such part is difficult and might embarrass the usual course of business of defendants and cause much expense to their guarantors from whom they purchased, and would be of no advantage to plaintiffs, except to coerce a settlement of the royalty, a preliminary injunction will be denied.
>
> Whether an injunction would be granted under similar circumstances after final hearing, *quære.*

In Equity.

*B. F. Thurston, Munson & Phillip,* and *F. P. Fish,* for complainants.

*B. F. Lee,* for defendant.

Lowell, C. J. This is a motion for a preliminary injunction to restrain the further use of that part of the machinery of a printing-press for newspapers which is mentioned in claim 3 of patent No. 131,217, issued to the plaintiffs September 10, 1872. In a suit by these plaintiffs against one Kahler, in the southern district of New York,* Mr. Justice BLATCHFORD has decided that the patent is valid,

* 12 FED REP. 111.

and that claim 3 refers to a distinct part of the machinery, and embodies a sufficient and independent invention, and that the defenses of want of novelty and non-infringement, and certain more technical points taken in that case by the defense, were not sustained by the evidence. The improvement is a useful and ingenious one, and the only doubt of its novelty appears to have arisen from the fact that it was left for a long time unused, and, in the mean time, one Campbell had made, or nearly made, a similar invention. Infringement depended upon the construction of the third claim. The technical points were that the invention was made by one of the patentees alone, and that the preliminary oath was taken before a person not authorized to administer it. Besides giving the weight which must always be given to a deliberate decision of a circuit court, I have examined the record of *Hoe* v. *Kahler*, and agree with the conclusions arrived at. I see no reason to suppose that any new evidence is likely to be produced in this suit. The defendants bought a machine of the successors of Kahler, and are indemnified by them; and they concluded their purchase after notice of the plaintiff's rights. The contest is, in fact, between rival manufacturers.

Is this a case for an injunction? The improvement in question is but part of a large machine, upon which the daily newspaper of the defendants is printed, and a change of this part of it, though possible, is difficult, and might embarrass the usual course of business of the company, and would cause much expense to the defendants, or, rather, to their guarantors. Nor would it be of any advantage to the plaintiffs, except to coerce a settlement, for they do not use printing machines, but make and sell them in the market. Whatever they are entitled to in the way of damages, amounts, in effect, to a royalty. Their real damage was suffered when this machine was bought, and is not affected by the amount or duration of its use. Acting on this view of the matter, the parties have been negotiating for the payment of a license fee, but are very far apart in their estimate of its amount. The only advantage which the plaintiffs could derive from an injunction, would be to put them in a better situation than they are now in, or than the defendants will then be in for the further conduct of the negotiation. If the case were in such a situation that I could now decide the question of damages, I might, perhaps, order an injunction, unless that amount were paid within a reasonable time.

The decisions which refuse an injunction, in cases very like the present, have been collected by the diligence of counsel. In some of them the courts deny that there is any remedy in equity when the

real damage is in the nature of a royalty. See *Howe* v. *Morton*, 1 Fisher, 586; *Sanders* v. *Logan*, 2 Fisher, 167; *Stainthorp* v. *Hunniston*, Id. 311; *Morris* v. *Lowell Manuf'g Co.* 3 Fisher, 67; *Wells* v. *Gill*, 6 Fisher, 89; *Amer. Mid. Purifier Co.* v. *Christian*, 3 Ban. & A. 42; *Colgate* v. *Gold & Stock Telegraph Co.* 4 Ban. & A. 415; *N. P. R. Co.* v. *St. Paul, etc., Ry. Co.* 4 FED. REP. 688; *N. Y. Grape Sugar Co.* v. *Amer. Grape Sugar Co.* 10 FED. REP. 835.

I look upon this as much like a final hearing, since every fact and argument at present available has been brought to my notice; but if it were final, there are several cases which hold that an injunction will not be granted even then if the plaintiff can be fully compensated by the payment of money, and there will be much hardship in enforcing it. Some of the decisions above cited were virtually final, because the same courts had already decided, as against a different defendant, all the questions of validity and infringement; and in the following cases an injunction was refused at the final hearing: *Lowell Manuf'g Co.* v. *Hartford Carpet Co.* 2 Fisher, 475; *Bliss* v. *Brooklyn*, 4 Fisher, 596; *McCrary* v. *Pennsylvania R. Co.* 5 FED. REP. 367; *Ballard* v. *Pittsburgh*, 12 FED. REP. 783. So, in *Forbush* v. *Bradford*, 1 Fisher, 317, the same plaintiff had recovered a verdict and judgment at law against the same defendant, but as the injunction would operate harshly, and as Mr. Justice CURTIS had doubts of the soundness of his own rulings at law, which were to be tested by writ of error, he refused the injunction. The supreme court consider that on final hearing an injunction should not always be granted, as appears from two citations made by the defendants: the remarks of McLEAN, J., in *Barnard* v. *Gilson*, 7 How. 650, and rule 93 in equity, published at the beginning of 97 U. S.

For these reasons, I am of opinion that the power to issue an injunction should not be exerted at this time, and I doubt if it should at any time in this case, except an injunction *nisi*, which is not asked for.

Motion denied.