## THOMSON–HOUSTON ELECTRIC CO. v. UNION RY. CO. et al.

(Circuit Court, S. D. New York.   November 14, 1896.)

PATENTS—PRELIMINARY INJUNCTIONS—PUBLIC CONVENIENCE.
   Inconvenience to the public, in stopping the running of electric cars, is not sufficient ground to require the refusal of an injunction, though it may induce a modification as to time of compliance therewith.

This was a suit in equity by the Thomson-Houston Electric Company against the Union Railway Company and others to restrain the alleged infringement of the Van Depoele patent, No. 495,443, for an electric trolley switching device.

Frederic H. Betts, for complainant.
William C. Witter, for defendants.

LACOMBE, Circuit Judge.   When preliminary injunction was granted in this case these 10 trolleys were excepted, since upon the proofs there was a reasonable inference that they had been licensed. The case, as now made, shows quite clearly that they were not. It further appears, and is not disputed, that the Union Railway Company did not obtain these 10 infringing trolleys until April 18, 1896, more than four months after Judge Townsend's decision, and that, when it selected the equipment in which they were included from the Walker Company, in preference to that offered by the General Electric Company, it did so because it could get such equipment at a lower price.   The Walker Company appears to be abundantly able to respond to any claim which the Union Railway Company may have by reason of its use of the equipment being stopped as an infringement of complainant's patent.   There seems no longer any reason to except these 10 trolleys from the operation of the injunction, except the public convenience, it appearing that the cars equipped with them are in actual use.   This is not sufficient to require a refusal of the injunction, although it may induce a modification as to time of compliance.   Campbell Printing Press & Manuf'g Co. v. Manhattan Ry. Co., 49 Fed. 930.   Injunction, therefore, may issue against the further use of these 10 infringing trolleys, but its operation be suspended for 30 days after entry of order on this motion.   So far as appears, that will be ample time for substituting noninfringing equipment.