# HASKELL *v.* KANSAS NATURAL GAS COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF OKLAHOMA.

No. 914.   Submitted February 23, 1912.—Decided April 1, 1912.

Natural gas after severance from the soil being a commodity which
may be dealt in like other products of the earth and a legitimate
subject of interstate commerce, no State can prohibit its being trans-
ported in interstate commerce beyond the lines of the State, and the
act of Oklahoma attempting so to do is an unconstitutional inter-
ference with interstate commerce as held in this case, 221 U. S. 229.

A State may by proper legislation regulate the removal from the earth
of natural gas by the owner thereof, but may not discriminate against
corporations doing an interstate business by denying them the right
to cross highways of the State while domestic corporations engaged
in the same business are permitted to use the highways.

Regulations in a state statute which may be valid as to individuals and
domestic corporations engaged in business wholly within the State
are not applicable to corporations engaged in doing the same business
in interstate commerce when the statute expressly forbids such com-
merce; this court will not therefore direct that regulations of that
nature become applicable to the latter class of such corporations
because the prohibition has been declared unconstitutional as an in-
terference with interstate commerce.

A decree of this court must be read in view of the issues made and the
relief sought and granted; and a decree declaring a state statute un-
constitutional so far as it prohibits, or is a burden upon, interstate
commerce will not be construed as preventing the enforcement of
such legislation as is legitimately within the police power of the State
and not in conflict with the Federal Constitution.

172 Fed. Rep. 545, affirmed.

THE facts, which involve the construction of the decree
entered in this case and reported in 221 U. S. 229, are stated
in the opinion.

*Mr. Charles West,* Attorney General of the State of Oklahoma, for appellants.

*Mr. E. L. Scarritt, Mr. John J. Jones, Mr. John G. Johnson* and *Mr. D. T. Watson,* for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

The appellees in this case brought suit in the Circuit Court of the United States for the Eastern District of Oklahoma against the appellants, who were the Governor, Attorney General, Deputy Attorney General, County Attorney and Deputy County Attorney of Washington County, Corporation Commissioners and Mine Inspector, of the State of Oklahoma, to enjoin the enforcement of certain statutes of the State of Oklahoma which undertook to prevent the complainants, now appellees, from transporting natural gas in interstate commerce beyond the borders of the State of Oklahoma. Upon final hearing in that court such statutes were held void, as against the Constitution of the United States, and the enforcement thereof was enjoined. The case came to this court on appeal, and was argued and decided at the October Term, 1911, being reported in 221 U. S. 229.

On May 29, 1911, the last day of the term, a motion was made in this court by the Attorney General of Oklahoma to modify the affirmance of the decree in the court below. The parts objected to are found in the margin.[1]

---

[1] 3. The court doth find the issues and equities herein in favor of the plaintiff, and that the plaintiff is entitled to the relief prayed for in the bill of complaint herein; and doth find, adjudge and decree that chapter 67 of the Session Laws of the State of Oklahoma of 1907–8, passed and enacted by the Legislature of said State of Oklahoma, and approved by the Governor of said State on the twenty-first day of December, 1907, and referred to in plaintiff's bill of complaint herein, is unreasonable, unconstitutional, invalid and void and of no force or effect whatever.

This motion was overruled, with leave to either party to apply to the Circuit Court from whence the case came for such modification of the decree as would make it conform to the opinion of this court. Thereafter, the present proceeding was instituted by the Attorney General's filing a motion in the Circuit Court of the United States for the Eastern District of Oklahoma for the modification of such decree. The former complainants, defendants in this proceeding, appeared and filed a motion in the nature of a demurrer and also filed an answer in the case. The Circuit Court, treating the pleadings of the defendants as in the nature of a demurrer, without hearing evidence in support of or against the granting of the motion, and without considering the affidavits or exhibits filed, over-

---

4. The temporary injunction heretofore ordered and entered herein is hereby made permanent and perpetual, and the defendants and each and every of them, their representatives, agents, servants, attorneys, workmen, and employés, and all other persons whomsoever, advised, inspired, influenced, incited or prompted by them, or either of them, are hereby forever restrained and enjoined from committing any of the acts complained of by complainant in its, or his, bill of complaint, and from tearing up or destroying, or in any way interfering with the laying, building, and construction of complainant's pipe lines, or any of the pipe lines referred to in the prayer of complainant's bill of complaint, in, through, or out of the State of Oklahoma, by reason of any of the terms or provisions or contents of chapter 67 of the Sessions Laws of 1907–1908 passed and enacted by the Legislature of the State of Oklahoma, or by reason of any other claimed authority or statute of said State, or common law right, rule of action or unwritten law whatsoever; and from in any manner instituting, prosecuting, or conducting any suits, or suing out any writs of process in any of the state courts of the State of Oklahoma against the complainants, or any one representing it, or him, for the purpose of enjoining, restraining or interfering with either of them in the laying, building, construction, maintenance or operation of any gas pipe line either under the authority of said Legislative act contained in said chapter 67 of the Session Laws of Oklahoma 1907–8 above referred to, or under any other law or statute of the State of Oklahoma, or under any common law right, rule of action, or unwritten law of the State of Oklahoma.

ruled the same and ordered the mandate of this court, affirming the former decree, to be spread upon the records. Thereupon this appeal was prosecuted.

In order to properly consider this motion it is necessary to notice the holding in the case in 221 U. S., *supra.* The original proceeding was brought to enjoin the officers of the State of Oklahoma from preventing the carriage in interstate commerce beyond the lines of the State of natural gas which had been severed from the earth by the owners of such gas, and particularly to enjoin the enforcement of a certain statute of the State passed in 1907, known as chapter 67 of the Session Laws of Oklahoma, 1907–08, which is inserted in full in the margin of the report of the case in 221 U. S., at page 239. This court held that natural gas after severance is a commodity which might be dealt in like other products of the earth, as coal and other minerals, and is a legitimate subject of interstate commerce; and that no State by such laws as were involved in the case can prohibit its transportation in interstate commerce beyond the lines of that State. The court held, after considering and construing the provisions of the act of 1907, that it was, upon its face, a law undertaking to prohibit the transmission or transportation in interstate commerce of natural gas to points beyond the State; that it was an unconstitutional interference with the rights of the complainants, who were legitimately engaged in that commerce, and that therefore the act was null and void.

In the course of the opinion the court recognized the right of the State by proper legislation to regulate the removal from the earth of natural gas by the owner thereof, so as to prevent its undue waste, but maintained the decree of the court below, declaring this particular act unconstitutional, upon the grounds of its prohibitory character in attempting to prevent the transmission from the State through the pipe lines of the complainants of a

legitimate subject of interstate commerce. As to the provisions of the statute concerning the right to use the highways of the State, the court declined to discuss the extent of the rights of public or private ownership therein in the State of Oklahoma, but placed the decision in this respect upon the manifest attempt to discriminate against the appellees, engaged in interstate commerce, in giving to domestic corporations engaged in intrastate transportation of natural gas the right to the use of the highways—even longitudinally—while denying to corporations transporting the gas in interstate commerce the right to pass under or over them, and this in the face of the admission in the pleadings that the greater use given to domestic corporations is no obstruction to the highways.

The particular parts of the Oklahoma act of 1907 which it is now contended should be excepted from the operation of the decree are comprised in §§ 5, 6 and 7 of chapter 67, which read as follows:

"SEC. 5. The laying, constructing, building and maintaining a gas pipe line or lines for the transportation or transmission of natural gas along, over, under, across, or through the highways, roads, bridges, streets, or alleys in this State, or of any county, city, municipal corporation or any other public or private premises within this State is hereby declared an additional burden upon said highway, bridge, road, street or alley, and any other private, or public premises may only be done when the right is granted by express charter from the State and shall not be constructed, maintained, or operated until all damages to adjacent owners are ascertained and paid as provided by law.

"SEC. 6. All pipe lines for the transportation or transmission of natural gas in this State shall be laid under the direction and inspection of proper persons skilled in such business to be designated by the chief mining inspector for such duty, and the expenses of such inspection and

supervision shall be borne and paid for by the parties laying and constructing such pipe lines for the transportation
or transmission of natural gas.

"Sec. 7. No pipe line for the transportation or transmission of natural gas shall be subjected to a greater pressure than three hundred pounds to the square inch, except
for the purpose of testing such lines, and gas pumps shall
not be used on any gas pipe lines for the transportation or
transmission of natural gas or used on or in any gas well
within this State;" and also in the act of March 27, 1909,
Compiled Laws of Oklahoma, 1909, Art. 3, c. 75, § 11, regulating domestic corporations, which prohibits the use of
pumps or other artificial means in the transmission of gas,
when used to the injury of other corporations, consumers
and producers, producing or consuming natural gas in the
same gas district.

It is contended for the appellants herein that each and
all of these sections of the law are constitutionally valid
and can be enforced consistently with the opinion of this
court when the case was here upon its merits. Without
entering upon a discussion of these sections, it is sufficient
to say that in so far as they are part of the statute, the
main and controlling purpose of which was to prohibit
the transportation of natural gas in the lawful channels of
interstate commerce, they were for that reason condemned
and held void by the former opinion of this court affirming
the Circuit Court.

Furthermore, if the laws named (§§ 5, 6 and 7 of the
act of 1907 and the act of March 27, 1909) might be valid
as statutory regulations, as to individuals and domestic
corporations engaged in transporting gas wholly within
the State, they are not, by the very terms of these statutes,
made applicable to foreign corporations, such as the defendants, engaged in interstate commerce. Such corporations and such commerce are forbidden by the act. We
see, therefore, no reason to modify the decree so as to ex-

cept from its provisions the sections of the act of 1907 and the act of 1909 and thus apply them to those which the act itself excludes.

It is furthermore objected that that part of the decree which undertakes to enjoin not only the execution of the statute law of Oklahoma, chapter 67, in controversy, but prevents interference with the pipe lines of complainants "by reason of any other claimed authority or statute of said State, or common law right, rule of action or unwritten law whatsoever; and from in any manner instituting, prosecuting, or conducting any suits, or suing out any writs of process in any of the State courts of the State of Oklahoma . . . under the authority of said legislative act . . . or under any other law or statute of the State of Oklahoma, or under any common law right, rule of action, or unwritten law of the State of Oklahoma," is so broad as to prevent the State from enforcing any of its lawful enactments at any time passed or to be passed under authority of the State or from taking any action whatsoever for protecting the lawful authority of the Commonwealth. But the decree must be read in view of the issues made and the relief sought and granted. Looking to the pleadings and reading the opinion of this court in the case when it was considered upon its merits, and thus construing the decree, we are of opinion that it cannot be given any such broad construction as is intimated by the Attorney General, and will not prevent the enforcement of legitimate legislation of the State of Oklahoma, if such is passed in the exercise of its police powers, and not conflicting with rights protected by the Federal Constitution. As we have said, this court in its decision affirmed the right of the complainants, in the conduct of interstate commerce, to take natural gas out of the State, and declared that a State could not prohibit the transportation of such product beyond its borders and that the legislative act in question was an act the main purpose and effect of

which were to prohibit the exercise of lawful rights secured by the Federal Constitution.

Construing the decree as we do, we think there is no occasion to modify its terms. The order in this proceeding will, therefore, be

*Affirmed.*