# WALKER v. McINTIRE.

JUDGMENT; EFFECT; CONCLUSIVENESS; TRUST DEED; SALE; REDEMPTION; LACHES.

1. A decree is to be considered with reference to the issues it was meant to decide.

2. An adjudication on the question of proper parties is not conclusive on the issues.

3. A purchase in behalf of the trustee at a sale under a trust deed is voidable only, and may be confirmed directly, or by long acquiescence, or failure to elect to avoid the conveyance within a reasonable time.

4. Laches cannot be imputed to the plaintiff in a bill to redeem from a sale under a trust deed, who before the sale tendered the full amount of the debt secured by the trust deed, and who protested against the sale, and, remaining in possession of the property, has attempted to secure a settlement, and has stood ready at all times to pay the debt.

5. In equity, lapse of time is not so accurate a criterion for determining the question of laches as the facts and circumstances of the case. (Citing *Nelson* v. *Worthington,* 3 App. D. C. 503.)

No. 2581. Submitted December 9, 1913. Decided January 5, 1914.

HEARING on an appeal by the plaintiffs from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to a bill in equity to redeem certain real estate from a sale under a deed of trust.                                   *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a decree of the supreme court of the District of Columbia sustaining appellees' (Lettie F. McIntire and Elwood W. McIntire) demurrer to appellants' (John Q. A. Walker, M. Katherine Walker and Galen E. Green) bill of complaint in an action to redeem certain real estate in this District from a sale under a deed of trust.

This case was here before from a decree dismissing a bill filed by appellant Green. In that case, defendant demurred to the bill upon the ground of defective parties, and, on appeal, the decree was affirmed. *Green* v. *McIntire,* 39 App. D. C. 249. The present bill was filed with proper parties plaintiff, and defendants demurred upon the grounds that plaintiffs were estopped by the former decree, and that plaintiffs were guilty of laches. The demurrer was sustained, and a decree entered dismissing the bill. From the decree, this appeal is prosecuted.

*Mr. John Ridout,* for the appellants:

1. Only two questions were raised by the demurrer, to wit, laches and *res judicata.*

This question of laches depends always upon the facts and circumstances of each case. *Nelson* v. *Worthington,* 3 App. D. C. 503; *Hammond* v. *Hopkins,* 143 U. S. 224; *Pryor* v. *McIntire,* 7 App. D. C. 417, 173 U. S. 38; *Brown* v. *McIntire,* 7 App. D. C. 435; *Ackerman* v. *McIntire,* 7 App. D. C. 449.

In the following cases, where much longer time had elapsed, the defendants were required to answer: *Welsh* v. *McGee,* 18 App. D. C. 177; *Columbian University* v. *Taylor,* 25 App. D. C. 124.

2. As to the question of *res judicata* there are two complete answers: (a) That the demurrer admits that the merits were not decided on the former appeal, and this also appears from the opinion in which this court carefully abstains from decision of any question except that of parties, which objection is now removed by the joinder of the Garrett heirs. *Green* v. *McIntire,* 39 App. D. C. 249. (b) The demurrer in respect of this contention is a speaking demurrer, and for that cause alone should have been overruled.

*Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon, Mr. H. B. F. Macfarland,* and *Mr. Edward S. Bailey,* for the appellees:

1. The appellants are barred from invoking the aid of a court

of equity by their own gross laches. 18 Am. & Eng. Enc. Law, 120; *Schickler* v. *Washington Brewing Co.* 33 App. D. C. 35; *Hayward* v. *Bank,* 96 U. S. 611; *Foster* v. *Mansfield Cold Water Co. & L. M. R. Co.* 146 U. S. 88; *Warren* v. *Jackson,* 7 App. D. C. 211; *Hammond* v. *Hopkins,* 143 U. S. 224.

2. The demurrer is not a speaking demurrer, as the estoppel appears upon the face of the bill of complaint. When it so appears the question is properly raised by demurrer. 9 Enc. Pl. & Pr. 613, and cases there cited.

3. The doctrine of *res judicata* is applicable. *United States ex rel. Moser* v. *Meyer,* 38 App. D. C. 17.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

A statement of the facts set out in the bill is unnecessary, since the case must turn upon the right of plaintiffs to maintain this action in the face of the former decree. In that case, the question of defective parties was all that was determined in this court or the court below. There was no adjudication of the issues. The law is well settled that a decree is to be considered with reference to the issues it was meant to decide. *Graham* v. *Chamberlain,* 3 Wall. 704, 18 L. ed. 247; *Barnes* v. *Chicago, M. & St. P. R. Co.* 122 U. S. 1, 30 L. ed. 1128, 7 Sup. Ct. Rep. 643; *Reynolds* v. *Stockton,* 140 U. S. 254, 35 L. ed. 464, 11 Sup. Ct. Rep. 773; *Vicksburg* v. *Vicksburg Waterworks Co.* 206 U. S. 496, 51 L. ed. 1155, 27 Sup. Ct. Rep. 762; *Haskell* v. *Kansas Natural Gas Co.* 224 U. S. 217, 56 L. ed. 738, 32 Sup. Ct. Rep. 442; *Vicksburg* v. *Henson,* 231 U. S. 259, 58 L. ed. —, 34 Sup. Ct. Rep. 95.

While it is true that the peace and repose of society demand that, where there has been an adjudication of the issues presented by the contending parties by a court of competent jurisdiction, it must be considered as conclusive so long as it remains undisturbed, it is equally important, where the plea of former adjudication is interposed, to determine whether, in fact, the issues presented in the pending case were actually considered and decided by the court. Reference to the former case discloses

that the only matter there adjudicated was the question of proper parties. To hold that this would forever foreclose a hearing upon the issues would be to perpetrate an injustice shocking to the conscience of a court of equity. No substantial foundation exists upon which to base a plea of former adjudication.

The plea of laches is likewise without support. It appears from the bill that appellant Green, in 1900, tendered full payment of the indebtedness, which was refused by the holder, McIntire, who, over the protest of Green, sold the property at an alleged irregular sale to satisfy the indebtedness secured by the trust; that ever since the sale, and up to the time of bringing this suit, Green, continuing in possession of the property, has attempted to secure a settlement with defendants, and has stood ready at all times to pay the full amount of the indebtedness secured by the deed of trust.

McIntire, in whose interest the property is alleged to have been purchased, was one of the trustees named in the deed of trust. "Undoubtedly the doctrine is established, that a trustee cannot purchase or deal in the trust property for his own benefit or on his own behalf, directly or indirectly. But such a purchase is not absolutely void. It is only voidable, and as it may be confirmed by the parties interested, directly, so it may be by long acquiescence or the absence of an election to avoid the conveyance within a reasonable time after the facts come to the knowledge of the *cestui que trust.*" *Hammond* v. *Hopkins,* 143 U. S. 224, 251, 36 L. ed. 134, 145, 12 Sup. Ct. Rep. 418. According to the averments of the bill, there was no confirmation or acquiescence by Green, who protested at the sale and held possession thereafter, persisting in his efforts to secure an equitable adjustment. In equity, lapse of time is not so accurate a criterion for the determination of the question of laches as the facts and circumstances of the case. *Nelson* v. *Worthington,* 3 App. D. C. 503. We think defendants should be required to answer the bill.

The decree is reversed, with costs and cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*