## FAGIN et al. v. QUINN et al. *

Circuit Court of Appeals, Fifth Circuit.
February 7, 1928.

No. 5047.

**1. Judgment** &#9901;&#8658;590(1)—**Judgment holding valid judgment in issue held res judicata, notwithstanding variance in prayers for relief.**

The actions being between the same parties or their privies and presenting for consideration the same subject-matter, the validity, or invalidity of a judgment under which property was sold, judgment rendered in the first upholding the judgment in issue, is res judicata, though there be variance in the relief prayed in the two actions, each based on the invalidity of such judgment.

**2. Judgment** &#9901;&#8658;828(3)—**Original bill in federal court may not question final judgment of competent state court.**

Final decision of state court having jurisdiction that judgment was valid cannot be brought in question by an original bill in a federal court.

**3. Judgment** &#9901;&#8658;527—**Judgment is construed in light of opinion.**

The judgment of a court is to be construed in the light of its opinion.

**4. Trusts** &#9901;&#8658;365(5)—**Delay under circumstances held laches, barring claim that purchasers of corporate property hold as constructive trustees for stockholders.**

Considering the greatly enhanced value of property sold under proceeding to distribute corporate assets among stockholders, and the adverse claim of defendants holding under the purchaser at such sale, delay of years by plaintiff stockholders *held* laches, barring them from asserting that defendants held title as constructive trustees for the stockholders.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit by H. L. Fagin and others against B. E. Quinn and others. From an adverse decree, plaintiffs appeal. Affirmed.

E. E. Easterling, W. D. Gordon, and M. S. Duffie, all of Beaumont, Tex., for appellants.

Will E. Orgain and Beeman Strong, both of Beaumont, Tex., and R. L. Batts, of Austin, Tex. (Orgain & Carroll, of Beaumont, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

*Rehearing denied March 17, 1928.

BRYAN, Circuit Judge. This is an appeal from a decree dismissing a bill of complaint, and raises the question of the right of appellants to recover 13.8 acres of land situated in the Spindletop oil field in Texas.

The Federal Crude Oil Company, a Texas corporation, acquired title to the land in question in 1901, and proceeded to drill oil wells, but later abandoned its activities in the belief that oil under the land in paying quantities had been exhausted. In 1906 its right to do business was forfeited by the state for failure to pay a franchise tax. The value of the land depended almost entirely upon whether it could be made productive of oil. In 1917 its market value increased considerably, due to prospects of oil in that vicinity, and then declined again, until finally in 1926 oil was discovered at a greater depth than had before been drilled; after that, of course, its value again increased manyfold. After that company's franchise to do business had been forfeited, and while the land was considered of little value, one J. F. Guilmartin, a stockholder, in 1907 brought suit against it in the state district court, alleging that the land in question had been abandoned, and prayed that a receiver be appointed and the corporate assets distributed among its stockholders. Process was served on one Chaison as vice president, the president having left the state. The receiver reported to the court recommending that the land be sold to Guilmartin for $50, and a decree of the district court was entered, authorizing a private sale to Guilmartin for that amount, subject to taxes of about $100, that were then past due. The decree recited that all parties were present in court and consented thereto. Thereafter appellees purchased Guilmartin's title.

In 1919 appellants, as officers, directors, and stockholders of the oil company, filed a suit in the same district court, alleging that the judgment rendered in 1907 in receivership proceedings, which purported to authorize the sale to Guilmartin, was void, and prayed for a decree canceling the prior one, and declaring null and void the order of sale and receiver's deed, and for title and possession of the land. Upon final hearing a decree was entered by the trial court, granting the relief prayed for, but that decree was reversed on appeal to the Court of Civil Appeals. Yount v. Fagin, 244 S. W. 1036. The order entered by the appellate court was "that the trial court's judgment in this case, in so far as the same awards a recovery of the land in controversy * * * be reversed, and judgment is here now rendered and entered, denying to said plaintiffs (appellees here) a recovery of said land, or any right or interest therein," etc. Writ of error was applied for by these appellants, but was denied by the Supreme Court of Texas, and thus the judgment of the Court of Civil Appeals became final.

The present suit was brought in 1926 in the federal District Court. It is between the same parties, or their privies, as was the suit brought in 1919 in the state court, and presents for consideration the same subject-matter, namely, the question of the validity or invalidity of the judgment in the suit brought in 1907 by Guilmartin, as in 1919 was before the state court. Among the prayers for relief is included the one that was also contained in the 1919 suit for cancellation of the judgment in the 1907 proceeding, which ordered the property sold and a receiver's deed issued to Guilmartin. Instead of praying for the recovery of title and possession, as was sought in the 1919 suit, the bill in this case prays that appellees be held as constructive trustees, holding title for the benefit of all the stockholders of the Federal Crude Oil Company. There is a final prayer in the original bill in this suit that the judgment of the trial court in the suit brought in 1919 be construed to "be valid, subsisting, unreversed, and unaffected" by the judgment of the Court of Civil Appeals, based on the ground that the appeal was not taken in time. That prayer was repeated in an amendment, but was based upon the different theory that the judgment of the appellate court affirmed that part of the judgment of the trial court which held the judgment in the Guilmartin suit to be void, and reversed only that part of such judgment as authorized recovery of title and possession of the property. The source of the title of appellees is the receiver's deed executed in 1907 to Guilmartin, and they interposed a plea of res judicata, based on the judgment entered by the Court of Civil Appeals in the suit brought against them in 1919 by appellants.

[1-3] We are of opinion that the plea of res judicata interposed by appellees ought to be sustained. The parties who brought the suit in the state court in 1919 and the parties to this suit are the same, and the subject-matter is the same. In Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355, it is said:

"The general principle announced in numerous cases, is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a

subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked, for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

Where the issues are identical, the fact that the relief prayed for is slightly different is immaterial. The Court of Civil Appeals was competent to reverse the judgment of the trial court in the suit brought in 1919 by appellants against appellees. It was there decided that the Guilmartin judgment, under which appellees claim title, was valid. That decision became final, and, whether right or wrong, cannot again be brought in question by an original bill in a federal court. Mellen v. Moline Iron Works, 131 U. S. 352, 9 S. Ct. 781, 33 L. Ed. 178; Dowell v. Applegate, 152 U. S. 327, 14 S. Ct. 611, 38 L. Ed. 463; Ex parte Harding, 219 U. S. 363, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392.

Appellants seek to avoid the effect of these decisions of the Supreme Court by the argument that the judgment of the Court of Civil Appeals affirmed the judgment of the trial court in all respects except as to the right of appellants to recover title and possession, and that the effect of the judgments of the state appellate court was to hold void the decree rendered in 1907 appointing a receiver and ordering the sale in controversy. If that were the proper construction to be placed on the judgment of the Court of Civil Appeals, then the obvious remedy of appellants was to enforce their rights under that judgment, and it would not have been necessary to bring this suit. But in our opinion the contention is untenable. The judgment of a court is to be construed in the light of its opinion. National Foundry & Pipe Works v. Oconto Water Supply Co., 183 U. S. 216, 22 S. Ct. 111, 46 L. Ed. 157; Haskell v. Kansas Natural Gas Co., 224 U. S. 217, 32 S.

Ct. 442, 56 L. Ed. 738; Oklahoma v. Texas, 256 U. S. 70, 41 S. Ct. 420, 65 L. Ed. 831. It clearly appears from the opinion of the Court of Civil Appeals that it was intended to reverse the judgment of the trial court, but that it was unnecessary to decide whether the earlier judgment in the receivership proceedings should have declared the dissolution of the corporation. The judgment of the appellate court denies a recovery not only of title and possession, but of any right or interest in the land.

[4] As to the contention that, notwithstanding the litigation in the state courts, appellees should have been decreed in this suit to hold title as constructive trustees: Assuming that the question is still open, it comes too late. Aside from any question of statute of limitations, and considering the greatly enhanced value of the property and the adverse claim of appellees, it must be held that appellants are barred by laches from now asserting that the title was being held in trust. Patterson v. Hewitt, 195 U. S. 309, 25 S. Ct. 35, 49 L. Ed. 214.

The decree is affirmed.