## THOMPSON et al. v. HOUSTON OIL CO. OF TEXAS et al.

Circuit Court of Appeals, Fifth Circuit. February 6, 1930.

Rehearing Denied March 7, 1930.

No. 5334.

W. D. Gordon and Thos. J. Baten, both of Beaumont, Tex. (E. E. Easterling, of Beaumont, Tex., on the brief), for appellants.

E. J. Fountain, Jr., of Houston, Tex., Henry O. Head, of Sherman, Tex., and Jesse J. Lee, of Houston, Tex. (Fred L. Williams, T. M. Kennerly, Andrews, Streetman, Logue & Mobley, and Kennerly Williams, Lee, Hill & Sears, all of Houston, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was an action in trespass to try title brought by appellants, who were the heirs and successors in interest of Samuel Beresford, against the Houston Oil Company and others. The District Court directed a verdict for appellees. The question at issue is the title to a league of land in Hardin county, Tex., which was originally granted in 1835 to D. C. Montgomery. Both sides rely on Montgomery as the common source of title. Appellants rely on the following deeds to establish their title: From Montgomery to Arthur Henrie, dated January 27, 1836, recorded February 28, 1845; Arthur Henrie to Samuel Beresford, dated February 27, 1845, recorded February 23, 1846; Samuel Beresford to his sons Francis, Richard, and Samuel Beresford, Jr., dated March 11, 1854, recorded February 27, 1901. The Houston Oil Company claims title by virtue of the following deeds: Montgomery to Samuel Moore, dated June 5, 1838, recorded March 22, 1841; Reuben Stephens, under power of attorney from Samuel Moore, to Mary E. Brown, daughter of David Brown, dated August 10, 1849, recorded October 11, 1854, and then regularly from Mary E. Brown through T. J. Word, George F. Moore John T. Irvin, and Texas Pine Land Association; then from the last named to the Houston Oil Company by deeds dated July 31, 1901, and December 5, 1914. The Beresford heirs brought suit against the Pine Land Association to recover possession of the league in November, 1901, which was after the date of the Association's first deed to the Houston Oil Company. This suit was brought in the District, then Circuit, Court of the United States, and resulted in a judgment in favor of the defendant. Prior to bringing that suit, and on February 19, 1901, the Beresford heirs executed to Walter W. Clippinger power of attorney and deed. The power of attorney conferred upon Clippinger the power to sell the land, to grant by lease or otherwise any right or interest therein, to take possession of and hold the land, and to substitute others to act for him in the administration of all rights of the grantors. The deed conveyed to Clippinger, as compensation for services rendered and to be rendered, an undivided two-fifths interest in the league, and, in the event of a sale, the same interest in the proceeds thereof.

On March 25, 1914, Clippinger, acting under his power of attorney, executed a deed of conveyance of the land to J. B. Hooks and W. J. Brackin, but failed to give the names of all the parties on whose behalf he purported to act either in the body of the instrument or under his signature. The consideration expressed in the deed was "value received," but it appears from an instrument executed contemporaneously by Hooks and Brackin that the real consideration was $5,000 and 25 per cent. of any proceeds realized from a sale or through compromise or litigation with adverse claimants. In the event the title failed, no consideration was to be paid. Hooks and Brackin organized the Village Mills Company, and conveyed their title to it. The Village Mills Company then went upon the land, and began to cut and remove the timber on it; whereupon the Houston Oil Company brought in the state court an action of trespass to try title against it, and recovered judgment upon a directed verdict.

A principal question in each of these two suits, one in the federal court and the other in the state court, was whether the deed from Montgomery to Samuel Moore was forged by David Brown. Village Mills Company appealed from the judgment against it to the Court of Civil Appeals, which held that the federal court judgment could not be relied on as res judicata on the ground that, prior to the bringing of that suit, the Pine Land Association had parted with its title, and that there were sufficient circumstances to take the case to the jury on the issue of forgery. Village Mills Co. v. Houston Oil Co., 186 S. W. 785. On appeal to the Supreme Court, the Commission of Appeals in an opinion expressed the views that the Houston Oil Company was entitled to rely on the federal court judgment as constituting res judicata; also that the evidence of the Village Mills Company was insufficient to sup-

port the conclusion that the deed from Montgomery to Samuel Moore was a forged instrument; and recommended that the judgment of the trial court be affirmed. The Supreme Court of Texas approved the conclusion of the Commission of Appeals that the Houston Oil Company had superior title, reversed the judgment of the Court of Civil Appeals, and affirmed that of the trial court. But it does not appear whether the decision of the Supreme Court was based upon the judgment in the federal court or upon the conclusion that the deed from Montgomery to Samuel Moore was not forged. Houston Oil Co. v. Village Mills Co., 241 S. W. 122, 136.

 This is the third case in which the title now held by the Houston Oil Company has been unsuccessfully attacked. It may be assumed that the Beresford heirs were not estopped by the judgment rendered against them in their suit in the federal court against the Pine Land Association, inasmuch as before suit that association had conveyed its title to the Houston Oil Company. But, in our opinion, the Beresford heirs are bound by the judgment of the state trial court which was affirmed by the Supreme Court of Texas in the suit by the Houston Oil Company against the Village Mills Company. It can make no difference whether the Supreme Court of Texas affirmed the judgment of the trial court on the ground that the asserted claim of forgery had not been sustained by the evidence, or on the ground that the Beresford heirs were estopped by the judgment in the federal court suit. As between the parties and their privies, a question once determined in a court of competent jurisdiction cannot be disputed in a subsequent suit. Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355; Fagin v. Quinn (C. C. A.) 24 F.(2d) 42.

It is argued on behalf of appellants that the Supreme Court was without jurisdiction to reverse the Court of Civil Appeals and affirm the judgment of the trial court. But it was for the Supreme Court of Texas to determine its own jurisdiction in a case coming before it from an inferior Texas court. Standard Oil Co. v. Missouri, 224 U. S. 270, 32 S. Ct. 406, 56 L. Ed. 760, Ann. Cas. 1913D, 936. Appellants conveyed to Clippinger an undivided two-fifths interest in the land which he conveyed in his own right to Hooks and Brackin, who in turn conveyed it to the Village Mills Company, with the result that, when it was sued, the Village Mills Company was the owner of two-fifths interest in the title now claimed by appellants. That interest passed by judgment to the Houston Oil Company. It may be conceded that Clippinger's conveyance to Hooks and Brackin was ineffective to pass title to more than his individual interest, since the parties he assumed to represent were not named either in the body of the instrument or under his signature. Baldwin v. Goldfrank, 88 Tex. 249, 258, 31 S. W. 1064. Therefore claim of title to an undivided three-fifths interest remained in appellants. But Clippinger had authority by virtue of his power of attorney to take and hold possession for appellants, and this he could do by himself or by a substitute of his own selection. The power so conferred by appellants upon Clippinger was one coupled with an interest, and did not terminate with the death of one or more of the Beresford heirs. Hunt v. Rousmanier, 8 Wheat. 174, 5 L. Ed. 589.

The result is that Hooks and Brackin, or the Village Mills Company, which they organized, went into possession of the land as part owner, and by authority of appellants, the owners of the remaining undivided interest, through their agent and attorney in fact. Appellants as well as the Village Mills Company were interested in the result of the suit brought against the latter by the Houston Oil Company. And we think they were bound by the result. The legal effect of the judgment in that case was the same as it would have been if the Houston Oil Company, instead of suing the Village Mills Company, had sued Clippinger. Appellants would have been bound by a judgment against Clippinger, as clearly they were in privity with him, because they had conferred on him full and complete power to take possession of, hold, lease, or dispose of, their interest in the land in suit.

The conclusion is that appellants were estopped by the judgment of the Supreme Court of Texas in Houston Oil Co. v. Village Mills Co., supra. It therefore becomes unnecessary to consider other questions raised by the assignments of error.

The judgment is affirmed.