## NERNEY v. NEW YORK, N. H. & H. R. CO.
### No. 345.

Circuit Court of Appeals, Second Circuit.
May 4, 1936.

See, also, (D.C.) 6 F.Supp. 554.

W. L. Barnett, of New Haven, Conn., and J. Carter Fort, of Washington, D. C., for appellant.

Edwin D. Nerney (John B. Hayward and Robert S. Blair, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The patent in suit No. 1,665,862 relates to a hand brake used on railroad cars. Heretofore a decree had been entered after a defense conducted by the Ajax Hand-brake Company, enjoining the appellant from the infringement of this patent. The appellant then had fifteen thousand cars equipped with the Ajax brakes, and the court found these infringed. An appeal was taken from the original decree, but was dismissed upon a licensing agreement reached by the patentee, the Ajax manufacturer, and the railroad. The permanent injunction issued restrained the appellant "from further infringing said Letters Patent, and from, directly or indirectly, making or causing to be made, or using or causing to be used, or selling or causing to be sold, or offering for sale, or advertising for sale, or contributing to the manufacture, use or sale by others, of any brake or apparatus embodying the invention specified in the said claims of the said Letters Patent No. 1,665,862 and particularly the aforesaid Ajax brake, and from, direct-

ly or indirectly, infringing said Letters Patent in any way or manner whatsoever; exempting from said injunction, however, all the aforesaid Ajax brakes heretofore purchased by defendant, and all Ajax brakes licensed under the said Sauvage patent. * * *"

Thereafter, in the ordinary course of its business, the appellant was called upon to handle cars of other railroads coming to its line for transportation which were equipped with Equipco brakes. It is conceded that the Equipco brake infringes and also that the only use of it by appellant is on those connecting cars fitted with it. This type of brake was not on its own freight cars. Appellee thereupon brought on a motion asking for a supplemental injunction to restrain appellant from infringing the patent by the use of the Equipco hand brake. After a hearing, on affidavits, the court granted the application and entered a supplemental injunction, first announcing, however, that the Equipco brake was structurally equivalent to the Ajax brake and that the original injunction covered this type of brake. The supplemental injunction in the phrases of the original injunction restrained the use of Equipco hand brakes specifically and directed appellant to notify all class 1 railroads of the United States, and particularly the Pennsylvania Railroad Company, from which it received cars equipped with such Equipco brakes, to refrain from sending or delivering to it or onto its trackage any railroad cars equipped with such hand brakes, and it further ordered that appellant should refuse to accept or receive or move on its trackage any cars of the other railroads equipped with such brakes unless and until noninfringing hand brakes were substituted therefor on such cars.

The affidavits submitted on the motion show that appellant had fifty-three interchange points at which it received cars from other railroads, a total of two or three thousand cars daily at such points. The affidavits make clear the hardship to which appellant would be subjected by the injunction issued. It would be a very serious and exacting task to detect cars so equipped and to eliminate them. It would require extra inspectors at these points, cause loss and delay in emptying and reloading cars found to be equipped with the offending device, and there would be a loss of traffic because of routing around appellant's line. There is a conflict as to the number of cars so received equipped with the Equipco brake. Appellee argues that the injury and inconvenience would be slight, stating that only five cars monthly would be found to infringe. If this be true, the appellee would obtain very little benefit from the injunction. It does appear, however, that a greater number of infringing cars are presented for interchange; sixty having been noted as arriving at the Cedar Hill yards in one week.

The practice of picking up a connecting carrier's car and hauling it over the railroad's own lines for a specific per diem rental to the railroad owning the car is recognized as a necessity to practical shipment of freight. St. Louis Southwestern R. Co. v. Arkansas, 217 U.S. 136, 145, 30 S.Ct. 476, 54 L.Ed. 698, 29 L.R.A. (N.S.) 802; Chicago, Rock Island & Pacific Ry. Co. v. United States, 284 U.S. 80, 90, 52 S.Ct. 87, 76 L.Ed. 177; In re Car Shortage and Other Insufficient Transportation Facilities, 12 I.C.C. 561, 573. The railroads sending cars over appellant's lines cannot be expected to select those which do not infringe. Appellee suggests that appellant can install noninfringing brakes on the incoming cars. This they would have no lawful right to do, as the cars are owned by other companies, and, moreover, they should not be expected to bear this expense when the car may be on their lines only for a short time.

█ If the appellees desired to have the injury of infringement by the Equipco brake enjoined, they might properly proceed against the manufacturers or against the companies owning the cars fitted with such brakes as the proper remedy. Indeed, it does not appear that many railroads are using this type of brake; the Pennsylvania seemingly being the chief offender. In Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 71, 56 S.Ct. 1, 80 L.Ed. ——, the court pointed out that a remedy in equity may be denied where it would inconvenience the defendant beyond the compensating convenience to the plaintiff. Cf. Seaboard Air Line R. Co. v. Atlanta, B. & C. R. Co., 35 F.(2d) 609 (C.C.A.5). An injunction in a patent case is not always granted as a matter of course, and the balance of convenience may dictate its denial. In the City of Milwaukee v. Activated Sludge, Inc., 69 F.(2d) 577 (C.C.A. 7), the court vacated an injunction against the use of an infringing system of sewerage disposal where its grant would have

caused harm by relegating the city to dumping its sewerage in Lake Michigan. There the refusal was based on the line of cases denying injunctive relief where it was not absolutely essential to the patentee and caused the infringing defendant irreparable damages. Where it appears that a much greater injury will be done to the infringer than a benefit to the patentee, the court may, within its equity power, grant an accounting only and deny injunctive relief. American Safety Device Co. v. Kurland Chemical Co., 68 F.(2d) 734 (C. C.A.2); McCrary v. Pennsylvania Canal Co., 5 F. 367 (C.C.E.D.Pa.). And where, as in Hoe v. Boston Daily Advertising Corporation, 14 F. 914 (C.C.Mass.), it is recognized that the only real advantage to a plaintiff in granting the injunction would be to strengthen its position in negotiating a settlement, an injunction should not issue. In Dun v. Lumbermen's Credit Ass'n, 209 U.S. 20, 28 S.Ct. 335, 52 L.Ed. 663, 14 Ann. Cas. 501, an attitude against an unconscionable demand for an injunction was pointed out. There a copyright was violated by the inclusion of some protected material in a book embodying much independent and noninfringing material. An injunction was denied, and the plaintiffs were remitted to their remedy at law. The same principle should and does apply to patent infringement. Indeed, no case is made out of a benefit to this appellant by the use of brakes installed on cars of other carriers and no willful conduct in responding to the invitation to haul such cars is claimed. In American Cotton-Tie Supply Co. v. McReady, 1 Fed.Cas. page 631, No. 295 (C.C.S.D.N.Y.), where a steamship company was enjoined from receiving infringing goods for shipment, there seemed to be an element of willfulness in the company's refusal to divulge the names of the shippers sending the infringing material. This was a direct aid to the infringers. Campbell Printing-Press Mfg. Co. v. Manhattan R. Co., 49 F. 930 (C.C.S.D.N.Y.), seems likewise to have involved a willful infringement.

An equitable remedy should be tempered to cause no inconvenience to the public who are served by carriers. Thomson-Houston Electric Co. v. Union R. Co., 78 F. 365 (C.C.S.D.N.Y.); Westinghouse Air-Brake Co. v. Great Northern R. Co., 86 F. 132 (C.C.S.D.N.Y.). Here is no coercive force applied to carriers sending cars to appellant. To enjoin it from receiving cars with the Equipco brakes is to use it as an instrument to coerce the infringing owners with great inconvenience to itself and to the public.

It is urged that this appeal should be dismissed because this type of brake was embraced in the original decree. As above indicated, there are facts here which bear upon the appropriateness of enjoining receipt of the Equipco brake equipped cars. These consequences were neither pleaded nor proved in the cause resulting in the original decree which dealt chiefly with the Ajax brake, many of which were owned by the appellant. While it is true that the original injunction enjoined the use of infringing hand brakes in general terms broad enough to cover the brake now considered, the language used should be restricted to the issue there considered. City of Vicksburg v. Henson, 231 U.S. 259, 269, 34 S.Ct. 95, 58 L.Ed. 209; Haskell v. Kansas Natural Gas Co., 224 U.S. 217, 32 S. Ct. 442, 56 L.Ed. 738; Conway v. Taylor's Executor, 1 Black (66 U.S.) 603, 632, 17 L.Ed. 191; National Brake & Electric Co. v. Christensen, 278 F. 490 (C.C.A.7).

The complaint in the action pleads infringement by the use of the Ajax brakes. Although it is broad enough to cover receipt of cars equipped with Ajax brakes from other lines, the answer admits the use of Ajax brake equipment on appellant's cars, but nothing was presented on the issue here involved, receipt of infringing connecting cars. The final decree entered contained no direct reference to the acceptance of cars equipped with infringing brakes. This issue was not presented and not covered until the supplemental injunction was ordered. Therefore the appeal was properly allowed.

The supplemental decree will be reversed, and injunction denied, but an accounting ordered.

**Decree reversed.**